**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4061**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY DAVIS, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Cameron McGowan Currie, District Judge. (0:12-cr-00331-CMC-1)

———————

Submitted: June 24, 2013        Decided: July 11, 2013

———————

Before WILKINSON, SHEDD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William Kenneth Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Davis, Jr., pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Davis to 180 months in prison, the mandatory minimum sentence required by 18 U.S.C. § 924(e) (2006). On appeal, counsel for Davis filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court conducted an adequate plea colloquy and whether Davis' sentence is reasonable. Davis has not filed a supplemental pro se brief, despite notice of his right to do so. We affirm.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the nature of the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats. Fed. R. Crim. P. 11(b)(2), (3). "In reviewing the adequacy of compliance with Rule 11, this [c]ourt should accord deference to

2

the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Davis did not move the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Davis] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Davis satisfies these requirements, we retain discretion to correct the error, "which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and brackets omitted). Our review of the record leads us to conclude that the district court conducted a thorough colloquy, ensuring that Davis' plea was knowing and voluntary and supported by an adequate factual basis.

At sentencing, Davis objected to his designation as an armed career criminal based on the fact that he was convicted of two of the predicate offenses on the same day. However, the crimes for which he was convicted were "committed on occasions different from one another," arising out of "separate and distinct criminal episode[s]," such that the district court

3

properly overruled the objection. 18 U.S.C. § 924(e); United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995). Moreover, the district court adequately explained the chosen sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Our review of the record therefore leads us to conclude that Davis' within-Guidelines sentence was neither procedurally nor substantively unreasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4